UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSHUA D. FRANKLIN,

    Plaintiff,

v.                                  Case No. 4:22-cv-258-AW/MJF

CLINTON LEWIS, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Joshua D. Franklin, proceeding *pro se*, alleges that after he received a retinal[1] scan from an "eye machine" at the Leon County Jail, he began hearing the voices of various state and federal officials attempting to kill him, among other things. Franklin contends that the "eye machine," which allegedly is controlled by Skype and the State of Florida, "programmed [his] brain to react like a phone." Because Franklin's second amended complaint is frivolous, the undersigned recommends that the District Court dismiss this action under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

---

[1] In his second amended complaint, Franklin sometimes alleges that he received a "rectal" scan. Doc. 8 at 6-8. Despite these allegations, Franklin repeatedly refers to the scan in relation to his eyes. *E.g.*, *id.* at 5 ("I was forced to place my eyes on a machine . . . ."). Thus, the undersigned construes Franklin's references to a "rectal" scan as references to a "retinal" scan.

## I. FRANKLIN'S SECOND AMENDED COMPLAINT

On October 6, 2022, Franklin filed a second amended complaint. Doc. 8. He is suing twelve defendants, including:

1. Clinton Lewis, the Sheriff of Leon County, Florida;

2. Jack Campbell, the State Attorney for the Second Judicial Circuit of Florida;

3. Gwen Marshall, the Clerk of the Circuit Court and Comptroller for Leon County, Florida;

4. Ashley Moody, the Attorney General of Florida;

5. John Doe, the "president" of Skype;

6. John Doe I, the "president" of Moderna, Inc.; and

7. Ricky D. Dixon, the Secretary of the Florida Department of Corrections.

*Id.* at 2-4.

On September 2, 2021, as Franklin was leaving the Leon County Jail "after a resentencing," a sergeant allegedly required Franklin to "place [his] eyes on a machine in the booking/processing hallway." *Id.* at 5. According to Franklin, the "eye machine," which allegedly is controlled by Skype and the State of Florida, "is connected to a modem, a database, and servers controlled by a myriad of programmers in a system that gives multiple allied Governments access to individuals in our society they can watch." *Id.* at 5, 14 (errors in original).

Franklin alleges that the "eye machine" "[o]bviously . . . is newly authorized medical/biological technology having the ability to program the brain of individuals into a computer system used by state and local officials to determine guilt or innocence [and] to precure evidence in criminal cases." Doc. 8 at 5, 14 (errors in original). The "eye machine's" capabilities, however, do not end there. The "eye machine" allegedly can turn an individual's brain into "a sort of cameraphone (in which the eyes react like cameras) and is controlled by the Government" and enables the government to control an individual's immune system. *Id.* at 14 (errors in original). Defendants allegedly used the "eye machine" to "program[] [his] brain to react like a phone." *Id.* at 5.

Within 30 days of the eye scan, Franklin began hearing the voices of Ashely Moody, Gwen Marshall, and Clinton Lewis, among others. *Id.* He alleges that their voices "talk[ed] about his death." *Id.* Franklin also alleges that from October 3 to November 9, 2021, the victims from his criminal case began "pumping" his heart and lungs in an attempt to kill Franklin. Doc. 8 at 5, 14. Franklin does not clarify what he means by "pumping." According to Franklin, Defendants' alleged misconduct has caused him physical pain and mental and emotional distress. *See id.* at 7, 16.

Franklin asserts claims under the Fourth and Eighth Amendments. *Id.* at 3. He also appears to assert claims of intentional infliction of emotional distress, attempted

murder, and conspiracy to commit murder. *Id.* at 3, 15-17. As relief, Franklin requests an unspecified amount of compensatory and punitive damages and various forms of injunctive relief. *Id.* at 7, 15-17.

## II. DISCUSSION

Because Franklin is a prisoner, the court is required to review his complaint for, among other things, frivolity. 28 U.S.C. § 1915A(b)(1); *id.* § 1915(e)(2)(B)(i) (same standard for *in forma pauperis* proceedings). A court may dismiss a claim as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

A claim is factually frivolous when it lacks any arguable basis in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Claims are frivolous as a factual matter when they are based on fantastic, delusional, or incredible "facts." *Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 328; *see Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (noting that a claim is factually baseless when the "allegations are sufficiently fantastic to defy reality as we know it").

According to Franklin, the Leon County Jail has an "eye machine," which allegedly is controlled by Skype and the State of Florida, that allows "Governments" across the world to use an individual's eyes as cameras and to control an individual's

immune system. Doc. 8 at 5, 14. Franklin also alleges that Defendants used the "eye machine" to "program[]" Franklin's brain "to react like a phone." *Id.* at 5.

Franklin's factual allegations are wholly incredible. Because Franklin's second amended complaint is frivolous, and he has failed to cure this frivolity despite being afforded an opportunity to do so,[2] the District Court should dismiss Franklin's second amended complaint. *Gary v. U.S. Gov't*, 540 F. App'x 916, 916 (11th Cir. 2013) (affirming a district court's dismissal of a plaintiff's claims that several "high-level government officials, including President Barak Obama, . . . implanted microchips into her body" because the plaintiff's allegations were factually frivolous).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action with prejudice, under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), because it is frivolous.

2. **DIRECT** the clerk of the court to close this case.

---

[2] Franklin's first amended complaint contained allegations similar to the allegations set forth in his second amended complaint. *See* Doc. 3.

At Pensacola, Florida, this 20th day of October, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**